[Cite as *State v. Cox*, 2012-Ohio-3158.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97924**

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# HARLEN G. COX

DEFENDANT-APPELLEE

## JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554823

**BEFORE:** Cooney, J., Stewart, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 12, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

By: T. Allan Regas
Andrew Rogalski
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Chief Public Defender

Anduena Dobroshi
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Plaintiff-appellant, the state of Ohio ("the State"), appeals the trial court's sentencing defendant-appellee, Harlen Cox ("Cox"), to a two-day jail term with credit for two days served. Finding merit to the appeal, we reverse and remand for resentencing.

**{¶2}** In October 2011, Cox was indicted for possession of cocaine and possession of criminal tools. In December 2011, Cox pled guilty to drug possession in violation of R.C. 2925.11(A), a fifth degree felony. The second count was nolled, and a presentence investigation report was ordered. In January 2012, the court sentenced Cox to two days in county jail, with credit for two days served, and ordered the forfeiture of his cell phone and $1,127 in cash. The court waived fines, fees, and court costs.

**{¶3}** The State now appeals, arguing in its sole assignment of error that the trial court erred by imposing a sentence of two days in jail for the offense of drug possession when Ohio law requires the imposition of either 1) a prison sentence, or 2) a community control sanction as well as mandatory driver's license suspension.

**{¶4}** Cox was sentenced in January 2012, after H.B. 86 went into effect on September 30, 2011. Pursuant to H.B. 86, R.C. 2929.13 contains no prison requirement for fourth and fifth degree felonies but instead creates a preference for community control sanctions for crimes that meet certain criteria. The statute further specifies that a sanction of community control must be imposed for at least one year. R.C. 2929.13(B)(1) states:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court *shall sentence the offender to a community control sanction of at least one year's duration* if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(Emphasis added.)

{¶5} In the instant case, because all of the elements of R.C. 2929.13(B)(1)(a)(i-iii) apply, a community control sanction is an acceptable and appropriate sentence. However, the trial court was bound by R.C. 2929.13(B)(1)(a) to sentence Cox to at least a one-year term of community control sanctions.

{¶6} Furthermore, the trial court erred in failing to suspend Cox's driver's license for at least six months. R.C. 2925.11(E)(2) provides that in addition to any prison term or other sanction imposed under this section, the court *shall* suspend for not less than six months or more than five years the driver's license of an offender who is convicted of or pleads guilty to a violation of division (A) of this section. "A driver's license

suspension is required by law to be part of an offender's sentence." *State v. Harris*, Slip Opinion No. 2012-Ohio-1908, ¶ 14 (Lanzinger, J., dissenting).

{¶7} The trial court's imposition of a two-day jail term with credit for time served and failure to suspend Cox's driver's license was contrary to law. Accordingly, the sole assignment of error is sustained.

{¶8} Judgment reversed and case remanded for resentencing pursuant to this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
SEAN C. GALLAGHER, J., CONCUR