[Cite as *State v. Larsson*, 2012-Ohio-3689.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97718**

# STATE OF OHIO

### PLAINTIFF-APPELLANT

vs.

# TYLER P. LARSSON

### DEFENDANT-APPELLEE

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556050

**BEFORE:** Sweeney, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**ATTORNEYS FOR APPELLANT**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: T. Alan Regas, Esq.
         Kristen L. Sobieski, Esq.
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Robert L. Tobik, Esq.
Chief Public Defender
By: John T. Martin, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶1}   Appellant, the state of Ohio ("the State"), appeals the court's sentencing defendant-appellee Tyler P. Larsson ("defendant") to time served in jail for his fifth degree felony conviction.   After reviewing the facts of the case and pertinent law, we reverse and remand for resentencing.

{¶2}   On December 6, 2011, defendant pled guilty to one count of vandalism in violation of R.C. 2909.05(B)(2), a fifth degree felony.   The court sentenced defendant to 36 days in jail with credit for time served.

{¶3}   The state appeals and raises one assignment of error for our review.

I.   The trial court erred by imposing a sentence of 36 days in jail, and crediting the appellee for 36 days served for the offense of vandalism, a fifth degree felony, when Ohio law requires the imposition of either 1) a prison sentence, 2) a potential $2,500 fine, or 3) up to three years of post release control.

{¶4}   Defendant was sentenced after H.B. 86 took effect in September 2011.   As part of H.B. 86, R.C. 2929.13(B)(1)(a) states as follows:

Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, *the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply*:

(i)   The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii)   The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii)   If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(Emphasis added.)

{¶5}   In *State v. Cox*, 8th Dist. No. 97924, 2012-Ohio-3158, this court reversed the trial court's sentencing a defendant to a two-day jail term with credit for two days served under the post-H.B. 86 statute.   The *Cox* court held that the new statutory scheme "specifies that a sanction of community control must be imposed for at least one year." *Id.* at ¶ 4.   We follow the precedent set forth in *Cox*, because we find that case to be directly on point with the case at hand.   All of the factors listed in R.C. 2929.13(B)(1)(a)(i)-(iii) apply to defendant; therefore, the court was required to sentence him to a minimum of one year of community control sanctions.

{¶6}   Furthermore, we find this court's en banc decision in *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, which affirmed the trial court's sentence of three days in jail with credit for time served for a fifth degree felony, to be inapplicable to the instant case, because Nash was sentenced prior to September 2011.

{¶7}   Defendant's sentence of 36 days in jail with credit for time served was improper as a community control sanction under R.C. 2929.13(B)(1)(a).   The state's sole assignment of error is sustained.

{¶8}   Judgment reversed and remanded for resentencing.

It is, therefore, considered that said appellant recover of said appellee its costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR