[Cite as *State v. Amos*, 2012-Ohio-3954.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97719**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## LASHAWN AMOS

DEFENDANT-APPELLEE

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-556214

**BEFORE:** Rocco, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

-i-

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

**ATTORNEY FOR APPELLEE**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** Plaintiff-appellant the state of Ohio appeals from the sentence imposed by the trial court upon defendant-appellee Lashawn Amos for Amos's fifth-degree felony drug trafficking conviction, i.e., 30 days in jail with credit for time served, a six-month driver's license suspension, and a $150.00 fine.

**{¶2}** The state presents one assignment of error. The state argues that the trial court's sentence of "time served" without supervision and without first ordering a presentence report was contrary to law. In light of this court's opinion in *State v. Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, rehearing en banc, and the applicable provisions of R.C. 2929.13, this court disagrees.[1] Consequently, the state's assignment of error is overruled, and Amos's sentence is affirmed.

**{¶3}** After his arrest on November 1, 2011, Amos was charged in this case by information with one count of drug trafficking and one count of drug possession.[2] The drug involved was .14 grams (one "rock") of crack cocaine; therefore, the charges were fifth-degree felony offenses. Amos entered a plea of not guilty.

**{¶4}** On December 6, 2011, the parties informed the trial court that a plea bargain had been arranged. As outlined by the prosecutor, in exchange for Amos's guilty plea to

---

[1]This court is cognizant of a contrary decision in *State v. Cox*, 8th Dist. No. 97924, 2012-Ohio-3158. Because *Cox* presents facts distinguishable from those of this case, this opinion will follow the analysis presented in *Nash*.

[2]H.B. 86, with its new version of R.C. 2929.13, went into effect on September 30, 2011.

Count 1, the second count would be dismissed. The trial court engaged in a thorough colloquy with Amos prior to accepting his plea to Count 1 and dismissing Count 2.

{¶5} The trial court proceeded immediately to sentencing. According to the prosecutor, Amos offered to sell a $20.00 rock of crack cocaine to an undercover vice detective, and Amos had the item in his pocket when he was arrested. The prosecutor stated that Amos had a "prior felony record" that included drug offenses, had received prison terms as sentences, and had "probation violations as part of those cases."

{¶6} Amos's defense counsel requested a sentence of "time-served." Amos apologized to the court. The court then addressed Amos as follows:

> THE COURT: 30 days is a long time spent in jail for a $20.00 buy.
>
> Aren't you getting tired of this[?]
>
> THE DEFENDANT: Yes.
>
> THE COURT: You're sentenced to 30 days in County jail. Credit for
>
> time served. You will pay a $150 fine. Suspended driver's license
>
> for 6 months.

{¶7} The prosecutor placed the state's objection to the sentence on the record. The state presents the following as its sole assignment of error.

**"I. The trial court erred by imposing a sentence of 30 days in jail, with credit for 35 days served, a $150 fine, and a suspended driver's license for 6 months for the offense of drug trafficking, a fifth-degree felony, when Ohio law requires the imposition of either 1) a prison sentence, or 2) community control sanctions."**

**{¶8}** The state contends, as it did in *Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, that the sentence imposed on Amos was "contrary to law" pursuant to R.C. 2929.13. As authority for its position, the state cites *State v. Eppinger*, 8th Dist. No. 92441, 2009-Ohio-5233.

**{¶9}** In *Eppinger*, this court decided that because Eppinger was not placed under the supervision of the probation department and was not informed of the consequences of violating the sanction, his sentence of time-served in jail did not constitute a valid community control sanction and did not meet the first prong of the analysis set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. This court followed *Eppinger* in several subsequent cases.

**{¶10}** In considering *Eppinger* in *Nash*, however, this court revisited certain assumptions *Eppinger* made. *Nash* determined that *Eppinger* was too narrowly decided. This court held in *Nash* at ¶ 8, in reviewing a defendant's sentence in a fifth-degree felony drug case pursuant to *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, that a sentence of "time served" in county jail can be construed as a community control sanction and thus is not, per se, "contrary to law," because the court is not required to place every defendant sentenced to community control sanctions under supervision.[3]

---

[3]Pursuant to R.C. 2929.13(B)(1), if any of the subsections set forth in (a)(i-iii) are inapplicable, the trial court is *not* required to impose "a community control sanction of at least one year's duration." *Compare Cox* at ¶ 5.

**{¶11}** The version of R.C. 2929.13 in effect at the time of Amos's sentencing states in relevant part:

> (A) Except as provided in division (E), (F), or (G) of this section and *unless a specific sanction is required to be imposed* or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony *may impose any sanction* or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code.
>
> *If the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction* pursuant to section 2929.18 of the Revised Code or a sanction of community service pursuant to section 2929.17 of the Revised Code *as the sole sanction for the offense*.
> * * *
> (B)(1)(a) * * * [If] an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration *if all of the following apply*:
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.
> * * *
> (B)(1)(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. * * *
> * * *

(B)(3)(b) Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(2)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12 of the Revised Code, finds that *a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction* or combination of community control sanctions upon the offender.   (Emphasis added.)

{¶12} In this case, the trial court proceeded pursuant to R.C. 2929.13(A) in determining that a financial sanction was appropriate.  This distinguishes Amos's case from the situation presented in *Cox*, 8th Dist. No. 97924, 2012-Ohio-3158, ¶ 2.

{¶13} As to the requirement for a presentence investigation prior to the imposition of a community control sanction pursuant to Crim.R. 32.2,  the record reflects the state did not request one.  The prosecutor merely objected to the sentence in general.  Crim.R. 47 requires a motion to "state with particularity the grounds upon which it is made" and to set forth the relief requested.  In addition, paragraph four of the syllabus of *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), states:

> The decision to order a presentence report lies within the sound discretion of the trial court.  Absent a request for a presentence report in accordance with Crim.R. 32.2, no grounds for appeal will lie based on a failure to order the report, except under the most exigent of circumstances.

{¶14} The foregoing language indicates that a trial court's failure to order a presentence report pursuant to Crim.R. 32.2 when no objection is lodged does not make the sentence contrary to law.  Furthermore, the record of this case does not present exigent circumstances because the prosecutor seemed fully aware of both Amos's

criminal record and the circumstances that led to Amos's conviction. *Compare State v. Ross*, 8th Dist. No. 92461, 2009-Ohio-4720 (state objected); *State v. Peck*, 8th Dist. No. 92374, 2009-Ohio-5845 (did not apply *Adams*); *State v. Disanza*, 8th Dist. No. 92375, 2009-Ohio-5364 (same). Indeed, the prosecutor communicated this information to the trial court. Therefore, the state lacks grounds for appeal on the basis of Crim.R. 32.2.

{¶15} A sentence of a fine in combination with time-served for a fifth-degree felony, moreover, does not constitute an abuse of discretion if it finds support in the record. *Nash*, 8th Dist. No. 96575, 2012-Ohio-3246, at ¶ 15. In this case, in fashioning the appropriate sanction to impose the trial court was in the best position to weigh Amos's criminal record and the facts surrounding his conviction as outlined by the prosecutor against Amos's courtroom demeanor and the purposes and principles of sentencing. *State v. Allen*, 9th Dist. Nos. 10CA009910 and 10CA009911, 2011-Ohio-3621.

{¶16} The state's assignment of error, accordingly, is overruled.

{¶17} Sentence affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR