[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Amos,* Slip Opinion No. 2014-Ohio-3160.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3160

THE STATE OF OHIO, APPELLANT, *v.* AMOS, APPELLEE.

THE STATE OF OHIO, APPELLEE, *v.* RICHMOND, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Amos,* Slip Opinion No. 2014-Ohio-3160.]

*Criminal law—R.C. 2951.03(A)(1)—Crim.R. 32.2—Trial court must order and review a presentence investigation report before imposing a sentence of one or more community-control sanctions on a felony offender.*

(Nos. 2012-2093 and 2012-2156—Submitted November 19, 2013—Decided July 24, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97719, 2012-Ohio-3954.

APPEAL from the Court of Appeals for Cuyahoga County, No. 97531, 2012-Ohio-3946.

_____

O'NEILL, J.

{¶ 1} The Ohio felony-sentencing-reform legislation, principally 1995 Am.Sub.S.B. No. 2, 146 Ohio Laws, Part IV, 7136, effective July 1, 1996

(commonly referred to as "Senate Bill 2"), was designed to bring "truth in sentencing." *See, e.g., Woods v. Telb*, 89 Ohio St.3d 504, 507-508, 733 N.E.2d 1103 (2000). By design, Senate Bill 2 limited the sentencing discretion of judges. Later developments have tightened some of those constraints, perhaps to the breaking point. The cases before us today[1] present a question of how far those constraints reach.

{¶ 2} The issue in each case is whether a trial court's decision to sentence a felony offender to one or more community-control sanctions without first ordering and reviewing a presentence investigation report is precluded by R.C. 2951.03(A)(1) and Crim.R. 32.2. In both cases before us, the community-control sanction ordered was a sentence of pre-trial jail "time served" following a plea, and in each case, the trial court did not mention a presentence investigation report before proceeding to sentencing. We conclude that while requiring a presentence investigation for every felony conviction when the offender is not sent to prison is excessive and unwarranted, it is unfortunately what current law requires.

## HISTORY OF CASES ON REVIEW

### LaShawn Amos

{¶ 3} LaShawn Amos was arrested on November 1, 2011, and charged by information with one count of trafficking in cocaine and one count of possession of cocaine. Because the amount of cocaine in question was less than five grams, each offense was a fifth-degree felony. Amos remained in jail, and on December 6, 2011, pursuant to an agreement, he pleaded guilty to the trafficking charge and the court dismissed the possession charge. The court proceeded directly to sentencing, imposed 30 days in jail with full credit for time served, a fine of $150, and a driver's license suspension of six months, and ordered Amos

---

[1] Although these two cases were appealed, briefed, and argued separately, we have sua sponte consolidated them for decision.

released. The prosecutor made a general objection to the sentence, arguing that "[f]or felony 5's it's community control or prison." The state appealed to the Eighth District Court of Appeals. The state asserted that prior to imposing any community-control sanction on a felony offender, a sentencing court must first obtain a presentence investigation report.

## Christopher Richmond

{¶ 4} Christopher Richmond was arrested on September 18, 2011, and subsequently charged by information with one first-degree-misdemeanor count of inciting violence and one fifth-degree-felony count of harassment with a bodily substance. Richmond was held in jail while his case was pending, and on October 25, 2011, with the state's agreement, he entered a plea of guilty to the fifth-degree felony. The misdemeanor charge was dismissed. Without objection from the state, the court proceeded directly to sentence Richmond to 30 days in jail with full credit for time served, imposed a $200 fine, and ordered Richmond released.

{¶ 5} Despite its failure to object, the state appealed to the Eighth District Court of Appeals, arguing that the trial court's sentence was contrary to law. The state argued that the trial court was not authorized to impose a "time-served" sentence because such a sentence does not include a period "under the general control and supervision of a department of probation." R.C. 2929.15(A)(2)(a). Moreover, the state asserted that a trial court must first order and review a presentence investigation report before imposing any community-control sanction on a felony offender.

## The Court of Appeals Decisions in *Amos* and *Richmond*

{¶ 6} Although the Eighth District did not consolidate the cases on appeal, the decisions in *Amos* and *Richmond* were released on the same day. Unfortunately, the two cases were decided by different panels, which took diametrically opposed approaches to resolving the same issue. In *Amos*, the panel rejected the state's arguments and held that that unless a party has *requested* a

presentence report it is not error for the court to proceed to sentencing and also that " 'no grounds for appeal will lie based on a failure to order the report, except under the most exigent of circumstances.' " *State v. Amos*, 8th Dist. Cuyahoga No. 97719, 2012-Ohio-3954, ¶ 13, quoting *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph four of the syllabus. Accordingly, the *Amos* panel affirmed the "time served" sentence. But in *Richmond*, a different panel concluded that a presentence investigation is *mandatory* and held that the failure to review a report prior to imposing one or more community-control sanctions on a felony offender constitutes plain error. *State v. Richmond*, 8th Dist. Cuyahoga No. 97531, 2012-Ohio-3946, ¶ 9-10. The *Richmond* panel vacated the sentence and remanded the case to the trial court.

{¶ 7} Because the decisions in *Amos* and *Richmond* are irreconcilable, the state requested the Eighth District to review both cases en banc. The defendant in *Richmond* agreed with the state that en banc review was necessary and also asked the court of appeals to order further briefing. A majority of the Eighth District denied en banc review. Thus, appeals of both cases to this court followed: the state appealed *Amos*, case No. 2012-2093, asserting that a trial court may not sentence a felony offender to one or more community-control sanctions without considering a presentence report; and the defendant appealed *Richmond*, case No. 2012-2156, arguing that it is not plain error to impose a community-control sentence on a felony offender without first ordering the preparation of a presentence investigation report. We accepted jurisdiction in both cases, 134 Ohio St.3d 1484, 2013-Ohio-902, 984 N.E.2d 28, and now conclude that the Eighth District erred by affirming the sentence in *Amos* and correctly vacated the sentence in *Richmond*.

## ANALYSIS

{¶ 8} As a preliminary matter, it must be acknowledged that the court of appeals' failure to address the conflict in its decisions en banc is not before us.

4

But its duty to act was clear, *see* App.R. 26(A)(2), and by refusing to resolve the conflict and definitively decide the issue the Eighth District has sent a message of chaos and confusion to all common pleas court judges in Cuyahoga County, which is truly troubling. It is contrary to the administration of justice for a court of appeals to announce two directly opposing views on the same issue on the same day and then decline an opportunity to establish a consensus view. That is a concern, however, for another day.

{¶ 9} The Ohio felony-sentencing reform statutes guide the discretion of sentencing courts choosing sanctions by providing that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Courts are further directed that felony sentences must "be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 10} The law also favors the imposition of sentences composed of one or more community-control sanctions, particularly for low-level felonies. *See* R.C. 2929.13(B)(1) (requiring a community-control sanction of at least one year's duration in specified circumstances) and 2929.15(A)(1) (authorizing a sentence of one or more community-control sanctions when imposition of a prison term is not mandatory). The policy favoring community-control sanctions is a reflection of the general policy in R.C. 2929.11(A) that a sentence should be composed of the "minimum sanctions" necessary to protect the public and punish individuals while not placing an "unnecessary burden" on state and local resources.

**{¶ 11}** A community-control sentence for a felony offender under R.C. 2929.15(A)(1) "consists of one or more community control sanctions authorized pursuant to section 2929.16 [community residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code." Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called "community residential sanctions," and a court sentencing for a felony is authorized to impose "a term of up to six months in a jail." R.C. 2929.16(A). Local probation, day reporting, house arrest, community service, and curfew are classified as "nonresidential sanctions." R.C. 2929.17 ("the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions"). Restitution, fines, and costs are "financial sanctions." R.C. 2929.18(A). In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to "impose any other conditions of release under a community control sanction that the court considers appropriate * * *." R.C. 2929.15(A)(1).

**{¶ 12}** Given the general principles set forth above, it seems apparent that the legislature intended that trial courts should have discretion to fashion community-control sentences that punish and protect but do not unnecessarily waste scarce resources. The devil, however, is in the details. Since the enactment of Senate Bill 2, we have consistently held that the felony-sentencing statutes must be read as a whole. *See generally State v. Comer*, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, ¶ 10 ("The individual provisions of the sentencing scheme may not be read alone"), *abrogated on other grounds by State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, *abrogated in part by Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). But the statutes, which were complex to begin with, are now genuinely unworkable in some situations. Most notably, the United States Supreme Court's decisions in

*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), required this court to sever significant portions of the sentencing statutes, and many sentencing-court duties that had been mandatory either became discretionary or were eliminated entirely. *See Foster* at paragraphs two, four, six, and seven of the syllabus; *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11-12; *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 10-13.

**{¶ 13}** Since this court decided *Foster*, the legislature has both continued to address practical problems and attempted to put the *Foster* genie back in the bottle when possible. *See, e.g.*, *State v. Bonnell*, ___ Ohio St.3d ___, 2014-Ohio-3177, ___ N.E.3d ___. But the complexity of this task has proved vexing, and Ohio's felony-sentencing scheme has now become so complicated that discerning the legislature's purpose in enacting any individual statute now approaches futility—simple statutes often conflict with each other. For example, R.C. 2929.13(A) provides that "[i]f the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction pursuant to section 2929.18 of the Revised Code or a sanction of community service pursuant to section 2929.17 of the Revised Code as the sole sanction for the offense." This statute by its plain terms directs the trial court to conserve resources when possible by imposing a "fine-only" sentence for a felony offense. But this provision contradicts R.C. 2929.13(B)(1)(a), which directs that an offender convicted of a fourth- or fifth-degree felony "shall" be sentenced to "a community control sanction of at least one year's duration" if a prison term is not imposed. Similarly, preparing a presentence report when the trial court has already concluded that it is unneeded creates an unnecessary burden on the court's resources, inconsistent with the general directive of R.C. 2929.11(A). This is not a hypothetical problem—in both

*Amos* and *Richmond*, the trial court apparently concluded that a presentence investigation would add nothing to its sentencing analysis, and in Cuyahoga County an average presentence investigation report costs about $800 and takes about a month to produce. *See Judicial Release, Transitional Control Amendments Come Before Sentencing Commission*, 83 Ohio Report No. 94, Gongwer News Service, Inc. 4 (May 15, 2014) (testimony of Cuyahoga County Common Pleas Court Judge Nancy Russo). It borders on irrational to require this expenditure of scarce resources when the person in the best position to analyze the situation—the trial judge—has already determined that it is not necessary and that the product would not be helpful.

{¶ 14} But we are not the legislature, and our pursuit of a logical understanding of the sentencing scheme cannot overlook the plain language of the statute and rule that govern these cases. The state has argued that based on R.C. 2951.03(A)(1) and Crim.R. 32.2, a community-control sentence is always subject to a presentence investigation and that a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence. Reluctantly, we must agree. R.C. 2951.03(A)(1) specifically states that "[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court," and Crim.R. 32.2 states that "[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." These provisions are simply too clear to ignore.[2]

---

[2] Prior to its amendment in 1998, Crim.R. 32.2 required a presentence investigation in felony cases "before granting probation." *See* former Crim.R. 32.2(A) and *State v. Cyrus,* 63 Ohio St.3d 164, 586 N.E.2d 94 (1992), syllabus ("A trial court need not order a presentence report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted"). Part of the problem we face today is caused by the fact that in practice, the term "community control" is frequently and colloquially used as a synonym for "probation" rather than the way that it is used in R.C. 2929.15 and related statutes, as a term covering all of the nonprison sanctions available to a felony-

8

**{¶ 15}** As noted above, the law favors the imposition of sentences composed of community-control sanctions, and we are certainly hesitant to reach a conclusion that discourages a trial court's use of those crucial tools. But the plain text of Crim.R. 32.2 and R.C. 2951.03(A)(1) also places an unavoidable duty on the trial court to obtain a presentence investigation report in every felony case in which a prison sentence is not imposed. When, as in these two cases, this issue is raised in a timely appeal from a community-control sentence that was imposed without a presentence investigation, the matter must be remanded for the trial court to order and review a presentence report prior to imposing a sentence of community control.

## CONCLUSION

**{¶ 16}** Accordingly, we reverse the judgment of the court of appeals in *State v. Amos*, case No. 2012-2093. And we affirm the judgment of the court of appeals in *State v. Richmond*, case No. 2012-2156. A trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report.

Judgments accordingly.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur in judgment only.

PFEIFER and LANZINGER, JJ., concur in part and dissent in part.

O'DONNELL, J., dissents.

_____

sentencing court, including "a term of up to six months in a jail." R.C. 2929.16(A). *See* Staff Notes for the 1998 amendment to Crim.R. 32.2 ("The 1998 amendment to Crim.R. 32.2 was made in light of changes in the criminal law of Ohio effective July 1, 1996. Specifically, 'probation' was replaced by 'community control sanctions,' but probation continues to be used for felony offenses that occurred prior to July 1, 1996 and for misdemeanor offenses").

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 17} I dissent from the portion of the lead opinion that states that imposition of a community-control sanction without the trial court's review of a presentence investigation ("PSI") report automatically requires the sentence to be reversed as "contrary to law," apparently pursuant to R.C. 2953.08(G)(2)(b). I would hold that when a court has not considered a PSI report and the parties have not waived its preparation or objected to its absence, a sentence imposing a community-control sanction for a fourth- or fifth-degree-felony offense should not be disturbed on appeal unless plain error is shown. This means that the appellate court, using principles set forth in Crim.R. 52, must still consider whether the *sentence* itself is clearly and convincingly "contrary to law."

{¶ 18} I agree with the lead opinion insofar as it discusses how the conflicting statutes bedevil a sentencing judge. The overriding purposes of felony sentencing stated in R.C. 2929.11(A) include "punish[ing] the offender using the minimum sanctions" that the court finds appropriate "without imposing an unnecessary burden on state or local government resources." But before a trial court can impose a minimum sanction and save government resources, R.C. 2951.03(A)(1) requires the judge to first order and review a PSI report. Crim.R. 32.2 also imposes this duty on the court. These provisions do not recognize exceptions. Yet requiring a PSI for every low-level felony sentence conflicts with the concept that the court is to accomplish the purposes of sentencing "without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A).

{¶ 19} Amos and Richmond were each convicted of fifth-degree felonies. In both cases, the trial court accepted a guilty plea and proceeded directly to sentencing without ordering a PSI. But in neither case did any party expressly

waive the PSI requirement or object to the fact that a PSI report was absent.[3] Amos was sentenced to 30 days in jail with credit for time served, a fine of $150, and a six-month suspension of his driver's license. Richmond was sentenced to 30 days in jail with credit for time served and a $200 fine. Both sentences consisted of "community control sanctions" under R.C. 2929.01(E) and authorized by R.C. 2929.16 and 2929.18.

{¶ 20} The question is, what should be done as a result of the trial court's failure to obtain a PSI report as required by R.C. 2951.03(A)(1) and Crim.R. 32.2 when the parties do not object to that failure at sentencing? Does the court's omission in this regard, when neither party brings the error to the court's attention, cause the sentence to be clearly and convincingly contrary to law within the meaning of R.C. 2953.08(G)(2)(b)? Not necessarily.

{¶ 21} The harmless-error rule, Crim.R. 52(A), instructs that "any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." And when a party fails to object to error, the plain-error rule provides that "plain errors or defects *affecting substantial rights* may be noticed although they were not brought to the attention of the court." (Emphasis added.) Crim.R. 52(B).

{¶ 22} We explained in *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, that there are three limits placed on reviewing courts for correcting plain error:

> "First, there must be an error, *i.e.*, a deviation from the
> legal rule. * * * Second, the error must be plain. To be 'plain'
> within the meaning of Crim.R. 52(B), an error must be an

---

[3] The prosecutor in Amos's case did object, but merely argued against the sentence by stating, "For felony 5's it's community control or prison." No party in either case objected to the fact that the trial court did not impose "a community control sanction of at least one year's duration" pursuant to R.C. 2929.13(B)(1)(a).

'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Courts are to notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.

*Id.* at ¶ 15-16.

{¶ 23} In other words, the third point explains that a plain error must be "outcome determinative." For sentencing, this would mean that the error caused a sentence that was contrary to law. *See* R.C. 2953.08(G)(2)(b). And the appellate court must find this to be so "clearly and convincingly." R.C. 2953.08(G)(2). The court's failure to first order and review a PSI report is not a flaw in *the sentence* itself. Rather, it is a flaw in the sentencing procedure.

{¶ 24} We have previously determined that not every procedural flaw at sentencing requires reversal. For example, reversal of the sentence is not automatically required when the defendant was not afforded an opportunity to allocute at sentencing pursuant to Crim.R. 32(A)(1). *State v. Campbell,* 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000) (an appellate court should not reverse a sentence for the trial court's failure to offer allocution if the error was invited or harmless); *State v. Reynolds,* 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998) (trial court's failure to comply with Crim.R. 32(A)(1) did not require reversal of death sentence when defendant had made statements in mitigation of punishment prior to sentencing).

{¶ 25} The PSI is a means to accomplishing an end goal of a fair sentence—and not an end unto itself. We must examine the sentences of Amos

and Richmond to see if the sentences themselves are clearly and convincingly contrary to law. I do not believe that this standard is met. R.C. 2929.13(A) provides, "If the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction * * * as the sole sanction for the offense." A conflicting provision of R.C. 2929.13(B)(1)(a) provides that "the court shall sentence the offender to a community control sanction of at least one year's duration." Further conflict arises under R.C. 2929.16(A)(2), which authorizes a court sentencing for a felony to impose "a term of up to six months in a jail" as a community-control sanction. The sanctions imposed for Amos and Richmond were authorized as being "one or more" community-control sanctions under R.C. 2929.15(A)(1). And a sentence of community-control sanctions alone is a sentence that is authorized for a felony of the fifth degree. It is actually the preferred sentence.

{¶ 26} There is nothing in either record to show "clearly and convincingly" that the court imposed *a sentence* contrary to law in failing to review a PSI report beforehand. There is no statement suggesting that further information was needed before the court made its decision for these particular community-control sanctions. Because I would find that neither sentence was clearly and convincingly contrary to law, I would affirm the judgment of the court of appeals in *State v. Amos*, case No. 2012-2093, and reverse the judgment of the court of appeals in *State v. Richmond*, case No. 2012-2156.

{¶ 27} The General Assembly should act to recognize situations such as these in which the delay in and the expense of creating a PSI report are unnecessary. For the types of low-level felonies at issue in these cases, whether to order preparation of a PSI report should be left to the discretion of the court. To this end, the duration requirement of R.C. 2929.13(B)(1)(a) should be amended for clarification along with R.C. 2951.03(A)(1) and Crim.R. 32.2.

These amendments would honor the idea of conservation of resources and would harmonize with other sentencing provisions of the Revised Code.

PFEIFER, J., concurs in the foregoing opinion.

———————————

**O'DONNELL, J., dissenting.**

{¶ 28} I respectfully dissent.

{¶ 29} Today, the Ohio Supreme Court charts a new course for itself: resolution of conflicting judgments issued by different panels within a district court of appeals. Our role has been to consider accepting a certified question of law when an appellate court has determined that its judgment in a given case conflicts on a question of law with a judgment reached by another appellate district of the state. *See* Article IV, Section 3(B)(4), Ohio Constitution; App.R. 25; S.Ct.Prac.R. 8.02. But to my knowledge, our court has not heretofore accepted review of intracourt conflict cases. Yet that is essentially what the court does here, consolidating and deciding the merits of two cases in which two different panels of the Eighth District Court of Appeals issued conflicting legal rulings.

{¶ 30} With today's opinion, we start the court down a long road to resolving such conflicts and retreat from our holding in *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, paragraph two of the syllabus, and the plain language of App.R. 26(A)(2), which require appellate courts to resolve intradistrict conflicts using an en banc procedure. Each appellate district is to decide the law on given substantive legal questions for itself. By doing so, trial courts in that jurisdiction understand how legal questions should be resolved and lawyers know how to advise their clients. But when separate panels within the same appellate district reach opposite conclusions on the same legal question, the stability of the law on those matters is disrupted, with a corresponding appellate court duty to resolve the matter. *In re J.J.* at ¶ 18. Convening en banc to decide

14

intradistrict conflicts not only "promotes finality and predictability of the law within appellate districts," but also serves "the fundamental purpose for the operation of courts—the resolution of legal disputes." *McFadden v. Cleveland State Univ.*, 120 Ohio St.3d 54, 2008-Ohio-4914, 896 N.E.2d 672, ¶ 15-16.

{¶ 31} This court has spent considerable effort to guide appellate judges in the en banc process, and it is puzzling why the Eighth District in these cases chose to leave lawyers and litigants in Cuyahoga County uncertain about the state of the law. And this is not the first time the Eighth District has resolved the same legal issue in different ways on the same day. *See, e.g.*, *In re J.J.* at ¶ 17.

{¶ 32} Confusion within an appellate district does not lead to the conclusion that this court should resolve intradistrict conflicts arising within that district. Rather, our role is, has been, and should be to order the appellate court to resolve the conflict via en banc consideration. Only after that occurs, upon proper discretionary appeal or the filing of a certified-conflict question, should this court decide whether it will exercise its jurisdiction to accept the case for resolution in conformity with our practice in accepting cases for review.

{¶ 33} In this instance, I would not resolve the merits of the legal issue presented, but would remand both cases to the Eighth District Court of Appeals with instructions to resolve the legal question in a consolidated en banc proceeding.

{¶ 34} Accordingly, I dissent from the judgments in these cases.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski and T. Allan Regas, Assistant Prosecuting Attorneys, for appellant in case No. 2012-2093 and for appellee in case No. 2012-2156.

Brian R. McGraw, for appellee LaShawn Amos in case No. 2012-2093.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant Christopher Richmond in case No. 2012-2156.

_____