[Cite as *State v. Marcum*, 2015-Ohio-5237.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

       Plaintiff-Appellant,             :              No. 15AP-421
                                                         (C.P.C. No. 15CR-210)
v.                                                            :

Daniel R. Marcum,                              :              (REGULAR CALENDAR)

       Defendant-Appellee.             :

---

D E C I S I O N

Rendered on December 15, 2015

---

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas sentencing defendant-appellee Daniel R. Marcum in connection with Marcum's conviction for possession of heroin. For the reasons that follow, we reverse and remand for resentencing.

**I. Facts and Procedural History**

{¶ 2} On January 16, 2015, Marcum was indicted on a single count of fourth-degree felony possession of heroin, a violation of R.C. 2925.11. On April 14, 2015, Marcum pleaded guilty to the stipulated lesser-included offense of fifth-degree felony possession of heroin. When Marcum pleaded guilty in this matter, he was serving prison time in connection with an offense he committed in Gallia County, Ohio. His release date

in connection with that offense was June 12, 2015.  The trial court accepted Marcum's guilty plea to the fifth-degree felony and immediately proceeded to sentencing.  The state agreed to defer to the trial court for the purpose of sentencing.  No presentence investigation report was requested, ordered, or reviewed prior to sentencing.  At the sentencing hearing, defense counsel provided a brief summary of Marcum's background, informing the court of his age, work history, and that he is single with two children.  The trial court sentenced Marcum to six months community control under basic supervision, with the requirement that Marcum serve 60 days at the Ohio Department of Rehabilitation and Correction.  The state did not object to the sentence.  The trial court's judgment entry provides that Marcum's community control sanction would terminate on June 13, 2015, after he served his 60 days of incarceration.  The trial court also suspended Marcum's driver's license for six months, effective January 1, 2015.

{¶ 3}  The state filed a timely appeal.

## II.  Assignment of Error

{¶ 4}  The state assigns the following error for our review:

The sentence imposed is contrary to law.

## III.  Discussion

{¶ 5}  The state's single assignment of error generally argues the sentence imposed upon Marcum was contrary to law.  In support of its assignment of error, the state argues the sentence was contrary to law because the trial court failed to obtain and review a presentence investigation report before imposing a community control sanction, the trial court failed to impose at least one year of community control or a valid prison term, the trial court erroneously imposed both a prison term and community control, and the trial court erroneously backdated the effective date of the driver's license suspension mandated by R.C. 2925.11(E)(2).  Marcum argues this appeal is moot and must be dismissed because he has fully completed the sentence imposed.  Marcum also argues the sentence imposed was not contrary to law.

### A.  Justiciable Controversy

{¶ 6}  Because it concerns this court's jurisdiction, we must first determine whether this appeal is moot.  Generally, courts will not resolve issues that are moot.  *See, e.g., In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.).    The

distinguishing characteristic of a moot action is that it involves no actual genuine, live controversy. *Id.* " ' "A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy." ' " *Id.*, quoting *Grove City v. Clark,* 10th Dist. No. 01AP-1369, 2002-Ohio-4549, ¶ 11, quoting *Culver v. Warren,* 84 Ohio App. 373, 393 (7th Dist.1948). Thus, a moot action must be dismissed because it no longer presents a justiciable controversy for the court to resolve. *Id.* at ¶ 11.

{¶ 7}   "A person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her. Therefore, an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal." *State v. Golston,* 71 Ohio St.3d 224 (1994), syllabus (distinguishing mootness test for felony conviction appeal from misdemeanor conviction appeal). However, a defendant's appeal of a sentence already served is moot. *See, e.g., State v. Duff,* 10th Dist. No. 04AP-901, 2005-Ohio-2299, ¶ 12. Such an appeal is moot because "there is no remedy that can be applied that would have any effect in the absence of a reversal of the underlying conviction." *Id.* A sentence that has already been completed cannot be lessened or negated in any meaningful way. But the same reasoning does not apply when the state is the party appealing a sentence, as is the case here, because the state's challenge to the leniency of a sentence can result in an effective remedy. *Scheerer v. Munger,* 281 P.3d 491 (Ariz.App.2012).

{¶ 8}   Further, because the state timely appealed Marcum's sentence, Marcum has "no legitimate expectation of finality in a sentence that remains subject to direct review." *State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 16, citing *State v. Roberts,* 119 Ohio St.3d 294, 2008-Ohio-3835, ¶ 16, citing *United States v. DiFrancesco,* 449 U.S. 117, 136 (1980). Pursuant to *Roberts,* when there is no legitimate expectation of finality in a sentence that remains subject to direct review, the defendant may be resentenced even after the defendant is released from prison. *See id.* at ¶ 27-29 (a timely appeal placed the defendant "on notice that his sentence was subject to being overturned," and, thus,

jeopardy did not attach even though the defendant had been released from prison upon the expiration of the prison term).

{¶ 9}   Marcum argues we must dismiss on mootness grounds based on this court's decision in *State v. Gray*, 10th Dist. No. 89AP-511 (Mar. 13, 1990).  In *Gray*, this court dismissed as moot the state's appeal from a trial court's decision sua sponte dismissing two traffic related offenses and reducing the defendant's charge of driving while under the influence of alcohol to the minor misdemeanor charge of reckless operation of a motor vehicle.  In *Gray*, the state did not request a stay of enforcement of the sentence and the defendant served her sentencing obligations soon after the state initiated its appeal.

{¶ 10} To begin its analysis, the *Gray* court noted that the appeal implicated the "dual issues of double jeopardy and mootness." *Id.* at 2.  As to the double jeopardy issue, the court determined that, because all charges were "finally determined" as a result of the court's acceptance of the defendant's pleas, the Double Jeopardy Clauses of the Ohio and United States Constitutions prohibited the state from relitigating either the dismissed charges or the reduction of the driving under the influence charge to reckless operation of a motor vehicle. *Id.* at 2.

{¶ 11} As to the issue of mootness, this court cited the following statement in *State v. Berndt*, 29 Ohio St.3d 3 (1987):  "This court has held that '[w]here a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.' " *Id.* at 4, quoting *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.  The *Gray* court stated the standard for determining mootness of a defendant's appeal "should apply to an appeal by the prosecution." *Id.* at 3.  According to Marcum, in view of this statement, this case is moot.  We are unpersuaded.

{¶ 12} *Gray* involved an appeal of the trial court's decision to sua sponte dismiss and reduce charges, not a challenge to the leniency of a sentence.  Additionally, the Supreme Court of Ohio has since permitted the imposition of a harsher prison sentence on a defendant after a successful appeal by the state, even though the defendant had been released from prison after serving the prison sentence previously imposed. *See Roberts* at ¶ 29.  Lastly, we note the *Gray* court did not recognize the substantive distinction between

a defendant challenging the harshness of an already completed sentence on appeal and the state challenging the leniency of an already completed sentence on appeal. Thus, Marcum's reliance on *Gray* is unconvincing.

{¶ 13} Because this appeal is not moot, there remains a justiciable controversy.

**B.  Presentence Investigation Report Requirement**

{¶ 14} The state argues the sentence imposed on Marcum was contrary to law because the trial court imposed a community control sanction without first obtaining and reviewing a presentencing investigation report. We agree.

{¶ 15} R.C. 2951.03(A)(1) provides, in pertinent part: "No person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court." Similarly, Crim.R. 32.2 states: "In felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation." In view of these provisions, the Supreme Court has held that a "trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 16 (O'Neill, J., with three Justices concurring in judgment only). *See State v. Knuckles*, 9th Dist. No. 27571, 2015-Ohio-2840, ¶ 9, citing *Amos*.

{¶ 16} Marcum argues *Amos*, which involved two consolidated appeals from the Eighth District Court of Appeals, is inapplicable because the lead opinion of Justice O'Neill is only supported by three Justices who concurred in judgment only. As such, Marcum contends the lead opinion is not controlling authority. We are unpersuaded by this argument. In *Amos*, the Supreme Court reversed the judgment of the court of appeals in *State v. Amos*, 8th Dist. No. 97719, 2012-Ohio-3954, which had affirmed the defendant's sentence of 30 days in jail with full credit for time served, a $150 fine, and driver's license suspension of six months. The Supreme Court also affirmed the judgment of the court of appeals in *State v. Richmond*, 8th Dist. No. 97531, 2012-Ohio-3946. In *Richmond*, the court vacated both the defendant's sentence of 30 days in jail with full credit for time served and a $200 fine, and remanded the matter to the trial court. In both *Amos* and *Richmond*, the sentencing occurred without the consideration of a

presentence investigation report, and the state did not object to the imposition of a community control sanction in the absence of such a report. *Amos*, 8th Dist. No. 97719, 2012-Ohio-3954, ¶ 13; *Richmond* at ¶ 5. "By affirming *Richmond*, and reversing *Amos*, the Supreme Court held that a sentencing court acts contrary to law when it imposes a community control sentence without a presentence investigation." *Knuckles* at ¶ 10.

{¶ 17} Although the Supreme Court's decision in *Amos* is fractured, three Justices agreed with the judgment as set forth in Justice O'Neill's lead opinion. The sole holding of the Supreme Court was a "trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report." *Amos,* 140 Ohio St.3d 238, 2014-Ohio-3160, ¶ 16. Thus, even though the three concurring Justices apparently did not agree with the lead opinion's reasoning leading to the resolution of the matters, the import of the judgment of the majority is clear—it is reversible error for a trial court to impose a community control sanction on a felony offender without first ordering and considering a presentence investigation report.

{¶ 18} Because the trial court imposed a community control sanction on Marcum without first ordering and reviewing a presentence investigation report, it acted contrary to law and the matter must be remanded for resentencing. Accordingly, we sustain the state's single assignment of error. Because this matter must be remanded for resentencing, it is unnecessary to address the state's remaining arguments.

## IV. Disposition

{¶ 19} Having sustained the state's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for resentencing in accordance with law and consistent with this decision.

*Judgment reversed; cause remanded.*

SADLER and HORTON, JJ., concur.