O’Neill, J.
{¶ 1} The Ohio felony-sentencing-reform legislation, principally 1995 Am.Sub. S.B. No. 2, 146 Ohio Laws, Part IY, 7136, effective July 1, 1996 (“Senate Bill 2”), was designed to bring “truth in sentencing.” See, e.g., Woods v. Telb, 89 Ohio St.3d 504, 507-508, 733 N.E.2d 1103 (2000). By design, Senate Bill 2 limited the sentencing discretion of judges. Later developments have tightened some of those constraints, perhaps to the breaking point. The cases before us today[1] present a question of how far those constraints reach.
{¶ 2} The issue in each case is whether a trial court’s decision to sentence a felony offender to one or more community-control sanctions without first ordering and reviewing a presentence investigation report is precluded by R.C. 2951.03(A)(1) and Crim.R. 32.2. In both cases before us, the community-control sanction ordered following a plea was a sentence of pretrial jail “time served,” and in each case, the trial court did not mention a presentence investigation report before proceeding to sentencing. We conclude that while requiring a presentence investigation for every felony conviction when the offender is not sent to prison is excessive and unwarranted, it is unfortunately what current law requires.
*239 HISTORY OF CASES ON REVIEW
LaShawn Amos
{¶ 3} LaShawn Amos was arrested on November 1, 2011, and charged by information with one count of trafficking in cocaine and one count of possession of cocaine. Because the amount of cocaine in question was less than five grams, each offense was a fifth-degree felony. Amos remained in jail, and on December 6, 2011, pursuant to an agreement, he pleaded guilty to the trafficking charge and the court dismissed the possession charge. The court proceeded directly to sentencing, imposed 30 days in jail with full credit for time served, a fine of $150, and a driver’s license suspension of six months, and ordered Amos released. The prosecutor made a general objection to the sentence, arguing that “[f]or felony 5’s it’s community control or prison.” The state appealed to the Eighth District Court of Appeals. The state asserted that prior to imposing any community-control sanction on a felony offender, a sentencing court must first obtain a presentence investigation report.
Christopher Richmond
{¶ 4} Christopher Richmond was arrested on September 18, 2011, and subsequently charged by information with one first-degree-misdemeanor count of inciting violence and one fifth-degree-felony count of harassment with a bodily substance. Richmond was held in jail while his case was pending, and on October 25, 2011, with the state’s agreement, he entered a plea of guilty to the fifth-degree felony. The misdemeanor charge was dismissed. Without objection from the state, the court proceeded directly to sentence Richmond to 30 days in jail with full credit for time served, imposed a $200 fine, and ordered Richmond released.
{¶ 5} Despite its failure to object, the state appealed to the Eighth District Court of Appeals, arguing that the trial court’s sentence was contrary to law. The state argued that the trial court was not authorized to impose a “time-served” sentence because such a sentence does not include a period “under the general control and supervision of a department of probation.” R.C. 2929.15(A)(2)(a). Moreover, the state asserted that a trial court must first order and review a presentence investigation report before imposing any community-control sanction on a felony offender.
The Court of Appeals’ Decisions in Amos and Richmond
{¶ 6} Although the Eighth District did not consolidate the cases on appeal, the decisions in Amos and Richmond were released on the same day. Unfortunately, the two cases were decided by different panels, which took diametrically opposed approaches to resolving the same issue. In Amos, the panel rejected the state’s *240 arguments and held that unless a party has requested a presentence report, it is not error for the court to proceed to sentencing and also that “ ‘no grounds for appeal will lie based on a failure to order the report, except under the most exigent of circumstances.’ ” State v. Amos, 8th Dist. Cuyahoga No. 97719, 2012-Ohio-3954, 2012 WL 3765032, ¶ 13, quoting State v. Adams, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph four of the syllabus. Accordingly, the Amos panel affirmed the “time served” sentence. But in Richmond, a different panel concluded that a presentence investigation is mandatory and held that the failure to review a report prior to imposing one or more community-control sanctions on a felony offender constitutes plain error. State v. Richmond, 8th Dist. Cuyahoga No. 97531, 2012-Ohio-3946, 2012 WL 3758601, ¶ 9-10. The Richmond panel vacated the sentence and remanded the case to the trial court.
{¶ 7} Because the decisions in Amos and Richmond are irreconcilable, the state requested the Eighth District to review both cases en banc. The defendant in Richmond agreed with the state that en banc review was necessary and also asked the court of appeals to order further briefing. A majority of the Eighth District denied en banc review. Thus, appeals of both cases to this court followed: the state appealed Amos, case No. 2012-2093, asserting that a trial court may not sentence a felony offender to one or more community-control sanctions without considering a presentence report; and the defendant appealed Richmond, case No. 2012-2156, arguing that it is not plain error to impose a community-control sentence on a felony offender without first ordering the preparation of a presentence investigation report. We accepted jurisdiction in both cases, 134 Ohio St.3d 1484, 2013-Ohio-902, 984 N.E.2d 28, and now conclude that the Eighth District erred by affirming the sentence in Amos and correctly vacated the sentence in Richmond.
ANALYSIS
{¶ 8} As a preliminary matter, it must be acknowledged that the court of appeals’ failure to address the conflict in its decisions en banc is not before us. But its duty to act was clear, see App.R. 26(A)(2), and by refusing to resolve the conflict and definitively decide the issue, the Eighth District has sent a message of chaos and confusion to all common pleas court judges in Cuyahoga County that is truly troubling. It is contrary to the administration of justice for a court of appeals to announce two directly opposing views on the same issue on the same day and then decline an opportunity to establish a consensus view. That is a concern, however, for another day.
{¶ 9} The Ohio felony-sentencing-reform statutes guide the discretion of sentencing courts choosing sanctions by providing that “[t]he overriding purposes of *241 felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.” R.C. 2929.11(A). Courts are further directed that felony sentences must “be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender’s conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.” R.C. 2929.11(B).
{¶ 10} The law also favors the imposition of sentences composed of one or more community-control sanctions, particularly for low-level felonies. See R.C. 2929.13(B)(1) (requiring a community-control sanction of at least one year’s duration in specified circumstances) and 2929.15(A)(1) (authorizing a sentence of one or more community-control sanctions when imposition of a prison term is not mandatory). The policy favoring community-control sanctions is a reflection of the general policy in R.C. 2929.11(A) that a sentence should be composed of the “minimum sanctions” necessary to protect the public and punish individuals while not placing an “unnecessary burden” on state and local resources.
{¶ 11} A community-control sentence for a felony offender under R.C. 2929.15(A)(1) “consists of one or more community control sanctions authorized pursuant to section 2929.16 [community residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code.” Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called “community residential sanctions,” and a court sentencing for a felony is authorized to impose “a term of up to six months in a jail.” R.C. 2929.16(A). Local probation, day reporting, house arrest, community service, and curfew are classified as “nonresidential sanctions.” R.C. 2929.17 (“the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions”). Restitution, fines, and costs are “financial sanctions.” R.C. 2929.18(A). In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to “impose any other conditions of release under a community control sanction that the court considers appropriate * * * ” R.C. 2929.15(A)(1).
{¶ 12} Given the general principles set forth above, it seems apparent that the legislature intended that trial courts should have discretion to fashion community-control sentences that punish and protect but do not unnecessarily waste scarce resources. The devil, however, is in the details. Since the enactment of Senate Bill 2, we have consistently held that the felony-sentencing statutes must be read as a whole. See generally State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 *242 N.E.2d 473, ¶ 10 (“The individual provisions of the sentencing scheme may not be read alone”), abrogated on other grounds by State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, abrogated in part by Oregon v. Ice, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). But the statutes, which were complex to begin with, are now genuinely unworkable in some situations. Most notably, the United States Supreme Court’s decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), required this court to sever significant portions of the sentencing statutes, and many sentencing-court duties that had been mandatory either became discretionary or were eliminated entirely. See Foster at paragraphs two, four, six, and seven of the syllabus; State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11-12; State v. Hodge, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, ¶ 10-13.
{¶ 13} Since this court decided Foster, the legislature has both continued to address practical problems and attempted to put the Foster genie back in the bottle when possible. See, e.g., State v. Bonnell, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659. But the complexity of this task has proved vexing, and Ohio’s felony-sentencing scheme has now become so complicated that discerning the legislature’s purpose in enacting any individual statute now approaches futility — simple statutes often conflict with each other. For example, R.C. 2929.13(A) provides that “[i]f the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction pursuant to section 2929.18 of the Revised Code or a sanction of community service pursuant to section 2929.17 of the Revised Code as the sole sanction for the offense.” This statute by its plain terms directs the trial court to conserve resources when possible by imposing a “fine-only” sentence for a felony offense. But this provision contradicts R.C. 2929.13(B)(1)(a), which directs that an offender convicted of a fourth- or fifth-degree felony “shall” be sentenced to “a community control sanction of at least one year’s duration” if a prison term is not imposed. Similarly, preparing a presentence report when the trial court has already concluded that it is unneeded creates an unnecessary burden on the court’s resources, inconsistent with the general directive of R.C. 2929.11(A). This is not a hypothetical problem — in both Amos and Richmond, the trial court apparently concluded that a presentence investigation would add nothing to its sentencing analysis, and in Cuyahoga County an average presentence investigation report costs about $800 and takes about a month to produce. See Judicial Release, Transitional Control Amendments Come Before Sentencing Commission, 83 Ohio Report No. 94, Gongwer News Service, Inc. 4 (May 15, 2014) (testimony of Cuyahoga County Common Pleas Court Judge Nancy Russo). It borders on irrational to require this expenditure of scarce resources when the *243 person in the best position to analyze the situation — the trial judge — has already determined that it is not necessary and that the product would not be helpful.
{¶ 14} But we are not the legislature, and our pursuit of a logical understanding of the sentencing scheme cannot overlook the plain language of the statute and rule that govern these cases. The state has argued that based on R.C. 2951.03(A)(1) and Crim.R. 32.2, a community-control sentence is always subject to a presentence investigation and that a trial court that fails to order a presentence investigation is not authorized to place an offender on a community-control sentence. Reluctantly, we must agree. R.C. 2951.03(A)(1) specifically states that “[n]o person who has been convicted of or pleaded guilty to a felony shall be placed under a community control sanction until a written presentence investigation report has been considered by the court,” and Crim.R. 32.2 states that “[i]n felony cases the court shall * * * order a presentence investigation and report before imposing community control sanctions or granting probation.” These provisions are simply too clear to ignore.[2]
{¶ 15} As noted above, the law favors the imposition of sentences composed of community-control sanctions, and we are certainly hesitant to reach a conclusion that discourages a trial court’s use of those crucial tools. But the plain text of Crim.R. 32.2 and R.C. 2951.03(A)(1) also places an unavoidable duty on the trial court to obtain a presentence investigation report in every felony case in which a prison sentence is not imposed. When, as in these two cases, this issue is raised in a timely appeal from a community-control sentence that was imposed without a presentence investigation, the matter must be remanded for the trial court to order and review a presentence report prior to imposing a sentence of community control.
CONCLUSION
{¶ 16} Accordingly, we reverse the judgment of the court of appeals in State v. Amos, case No. 2012-2093. And we affirm the judgment of the court of appeals *244 in State v. Richmond, case No. 2012-2156. A trial court acts contrary to law when it imposes a sentence of one or more community-control sanctions on a felony offender without first ordering and reviewing a presentence investigation report.
Judgments accordingly.
O’Connor, C.J., and Kennedy and French, JJ., concur in judgment only.
Pfeifer and Lanzinger, JJ., concur in part and dissent in part.
O’Donnell, J., dissents.

. Although these two cases were appealed, briefed, and argued separately, we have sua sponte consolidated them for decision.

. Prior to its amendment in 1998, Crim.R. 32.2 required a presentence investigation in felony cases “before granting probation.” See former Crim.R. 32.2(A) and State v. Cyrus, 63 Ohio St.3d 164, 586 N.E.2d 94 (1992), syllabus (“A trial court need not order a presentenee report pursuant to Crim.R. 32.2(A) in a felony case when probation is not granted”). Part of the problem we face today is caused by the fact that in practice, the term “community control” is frequently and colloquially used as a synonym for “probation” rather than the way that it is used in R.C. 2929.15 and related statutes, as a term covering all of the nonprison sanctions available to a felony-sentencing court, including “a term of up to six months in a jail.” R.C. 2929.16(A). See Staff Notes for the 1998 amendment to Crim.R. 32.2 (“The 1998 amendment to Crim.R. 32.2 was made in light of changes in the criminal law of Ohio effective July 1,1996. Specifically, ‘probation’ was replaced by ‘community control sanctions,’ but probation continues to be used for felony offenses that occurred prior to July 1,1996 and for misdemeanor offenses”).