[Cite as *State v. Allen*, 2018-Ohio-3822.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                          Court of Appeals No. OT-18-001

      Appellee                                      Trial Court No. 17 CR 126

v.

James Allen                                           **DECISION AND JUDGMENT**

      Appellant                                     Decided:   September 21, 2018

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Russell Leffler, for appellant.

* * * * *

**JENSEN, J.**

### Introduction

{¶ 1} Appellant, James D. Allen, appeals the January 4, 2018 judgment of the

Ottawa County Court of Common Pleas, where he was sentenced to five years in prison

for rape in violation of R.C. 2907.02(A)(1)(c) and (B), a felony of the first degree.

Finding no error below, we affirm.

## Background

**{¶ 2}** On August 24, 2017, appellant was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(c) and (B), both felonies of the first degree, and two counts of sexual battery in violation R.C. 2907.03(A)(2) and (B), both felonies of the third degree.

**{¶ 3}** The events from which the charges stem occurred on August 7, 2017. Appellant was age 77 at the time. He lived with his adult step-granddaughter, the victim, and had raised her from the time she was the age of four. The victim suffered with anxiety.

**{¶ 4}** On that night, appellant and the victim drank alcohol together. Appellant confessed in open court that the victim requested he purchase the alcohol so that they could talk. He admitted to knowing that the victim drank alcohol to ease her anxiety, and that he was aware of this when purchasing and sharing the alcohol with the victim.

**{¶ 5}** According to his account, the two got highly intoxicated and appellant digitally penetrated the victim after she requested he rub her stomach. Unbeknownst to appellant, the victim was taping the sexual conduct and revealed it on social media.

**{¶ 6}** Appellee, the state of Ohio, stated that the following facts would have been proven at trial.

> [Prosecutor]: Yes. Thank you. First off, the night in question, on the indictment, we have listed as the night of August 7th into the early morning hours of August 8.

2.

This did occur in Ottawa County. The victim was not [appellant]'s spouse and her ability, the victim in this case, her ability to consent was substantially impaired due to the alcohol consumption.

Should the matter go to trial, that is what the State would intend to show.

Then knowing that the victim's ability to consent was substantially impaired as the Defendant did, in fact, provide the alcohol in question, in this case, did engage in sexual contact with the victim.

The sexual conduct being digital penetration using his finger, which is contrary to and in violation of Ohio Revised Code 2907.02(A)(1)(c) and (B).

{¶ 7} On October 6, 2017, appellant pled guilty to one count of first-degree rape. The other charges were dismissed, and the court accepted the plea and scheduled sentencing. Appellant was sentenced to serve five years in prison, was found to be a tier-three sex offender, and was subject to five years on postrelease control. The judgment was journalized January 4, 2018, and appellant timely appealed.

**Assignments of Error**

{¶ 8} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRED IN CONDUCTING AN IMPROPER RULE 11 HEARING IMPLYING THE DEFENDANT COULD BE RELEASED AFTER SERVING THREE YEARS NO MATTER WHAT THE STATED PRISON SENTENCE.

2.  THE TRIAL COURT'S MID-RANGE SENTENCE WAS EITHER UNLAWFUL OR A CLEAR ABUSE OF DISCRETION.

**Review of Appellant's Plea**

{¶ 9} Initially we address appellant's arguments that the trial court erred in conducting its plea hearing and in implying appellant could be released after only serving three years despite the imposed, stated prison term.

{¶ 10} When evaluating a plea, our examination requires a "de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards." *State v. Faulkner*, 6th Dist. Lucas No. L-10-1147, 2011-Ohio-2696, ¶ 15, citing *State v. Kelley*, 57 Ohio St.3d 127, 129, 566 N.E.2d 658 (1991).

{¶ 11} Crim.R. 11 provides those safeguards, in pertinent part stating:

**(A)  Pleas.**  A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest.* * *

**(B)  Effect of guilty or no contest pleas.**  With reference to the offense or offenses to which the plea is entered:  **(1)**  The plea of guilty is a complete admission of the defendant's guilt.* * *

**(3)**  When a plea of guilty or no contest is accepted pursuant to this rule, the court, * * * shall proceed with sentencing under Crim.R. 32.

**(C)  Pleas of guilty and no contest in felony cases.*** * * **(2)**  In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

4.

**(a)** Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

**(b)** Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

**(c)** Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 12} It is well-settled law in Ohio that a no-contest or guilty plea in a criminal trial must be made knowingly, intelligently, and voluntarily. *State v. Ballard*, 66 Ohio St.2d 473, 477-480, 423 N.E.2d 115 (1981). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶ 13} We note that appellant did not object, challenge or seek to withdraw his plea prior to being sentenced. Therefore, he must rely on the plain error analysis to

5.

challenge his plea. *See*, *e.g.*, *State v. Toyloy*, 10th Dist. Franklin No. 14AP-463, 2015-Ohio-1618, ¶ 19.

{¶ 14} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To affect a substantial right, the error must be outcome-determinative. *See State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 21-23.

{¶ 15} Here, appellant has not alleged a specific violation of Crim.R. 11. However, appellant does assert that, given that he may have the beginning stages of Alzheimer's and that his counsel raised the issue, the trial court could not lawfully conclude that the plea was entered knowingly, intelligently and voluntarily, without first ordering a mental health evaluation to ensure he had the capacity to enter such plea.

{¶ 16} Appellant only challenges this limited aspect of his plea, and we constrain our judgment to his contentions. In doing so, we find the trial court fully complied with Crim.R. 11(C), and that appellant entered the plea knowingly, intelligently, and voluntarily. We find no evidence in the record to support appellant lacked capacity to enter his plea.

{¶ 17} We first point to the written plea agreement, where we find appellant confirmed that he knew and understood a consequence of his plea would be to accept the stated prison term without a possibility of prison credit. The agreement, on the second page, specifically states: "I know that the nature of the charge or charges to which I am pleading guilty makes me ineligible to earn any credit towards my stated sentence." This

6.

statement is clear and unambiguous, and appellant undeniably signed the agreement on October 6, 2017.

{¶ 18} Further, the trial court explained to appellant that he would be ineligible to earn credit at the October 6, 2017 plea hearing, and appellant confirmed that he knew and understood that a consequence of his plea would be to accept the imposed prison term as stated by the trial court. The transcript reflects as follows:

[COURT]: So Mr. Allen, this is a felony of the first degree. Do you understand that?

[APPELLANT]: Yes, sir.

[COURT]: What do you understand to be the maximum prison term?

[APPELLANT]: 11 years.

[COURT]: Do you understand that there is a mandatory portion, a portion of time that you must serve in prison?

[APPELLANT]: Three years.

[COURT]: Do you know that during that time period you are not eligible for any Judicial Release or any kind of earned credit?

[APPELLANT]: Yes, for the minimum, you mean?

[COURT]: Yes.

[APPELLANT]: Yes, sir, I do.

[COURT]: Do you understand that there is a maximum possible fine of $20,000?

7.

[APPELLANT]:  I do.

[PROSECUTOR]:  Your Honor, if I may just briefly, I believe he said to the minimum, I believe any time he is sentenced to, he is not eligible for earned time.

[APPELLANT]:  I am sorry.  I do understand that.

[COURT]:  We should be clear on that.  If you are sentenced to 11 years, there is no early release?

[APPELLANT]:  I understand, sir.

[COURT]:  No early release for good time.  Thank you. * * *

{¶ 19} Appellant's trial counsel actually conceded at the plea hearing that appellant was competent to proceed and, as implied above, there is no motion or indication below that appellant wanted to withdraw his plea.  This requires appellant show the trial court committed plain error, which we find he cannot.  Accordingly, the first assigned error is not well-taken.

## Review of the Imposed Sentence

{¶ 20} We next address appellant's argument that his mid-range sentence was unlawful or a clear abuse of discretion.

{¶ 21} We must note the standard of review for a felony sentence is not whether the trial court abused its discretion, but rather, R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a sentence if it clearly and convincingly finds either:

8.

**(a)** That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or[,]

**(b)** That the sentence is otherwise contrary to law.

*See State v. McClanahan*, 6th Dist. Ottawa No. OT-14-024, 2014-Ohio-5597, ¶ 9.

**{¶ 22}** A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11, along with the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

**{¶ 23}** Pursuant to R.C. 2929.14(A)(1), the statutory sentencing range for a first-degree felony is between 3 and 11 years.

**{¶ 24}** Here, appellant was convicted of first-degree rape in violation of R.C. 2907.02(A)(1)(c) and (B). Appellant was sentenced to a prison term of five years for his rape conviction. This prison term is within the permissible range. *See* R.C. 2929.14(A)(1).

**{¶ 25}** R.C. 2929.11(A) provides, in relevant part, that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the

9.

seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B).

{¶ 26} The trial court must weigh factors to determine whether the offender's conduct is more serious than conduct normally constituting the offense. *Id. See also* R.C. 2929.11(C). The court must also weigh factors in R.C. 2929.12(D), versus those in 2929.12(E), to determine the likelihood of the offender committing future crimes.

{¶ 27} We note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16.

{¶ 28} Here, review of the January 4, 2018 sentencing transcript reveals that the trial court stated, in open court, that it considered R.C. 2929.11 and 2929.12. Moreover, the sentencing entry states, in pertinent part, as follows:

> The Court has considered the record, oral statements, all victim impact statements, the presentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11. The Court further has balanced the seriousness and recidivism factors under Ohio Revised Code 2929.12. The Court finds that the more likely recidivism factors do not outweigh the less likely factors and the more serious factors outweigh the less serious factors.

10.

**{¶ 29}** Therefore, in light of the statements at the hearing, as well as the language expressed in the sentencing entry, we conclude that the trial court complied with its obligations under R.C. 2929.11 and 2929.12.

**{¶ 30}** Lastly, we find the sentence imposed was supported in the record. Appellant was convicted under 2907.02(A)(1)(c), which in relevant part states:

> (A) (1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:* * * (c) [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age. * * *

**{¶ 31}** Here, the record reveals appellant admitted through his own statements, in open court at the January 4, 2018 sentencing hearing, that he was aware the victim had anxiety problems and that she self-medicated with alcohol. Appellant admitted to purchasing the alcohol and arranging a night of drinking with the victim. He stated that he recalls getting intoxicated and not remembering "anything that happened later that night[,]* * *until the police came at six a.m. the next morning."

**{¶ 32}** Furthermore, at sentencing appellant recognized, in open court, that the victim had videotaped the events from that night. The recording allegedly showed appellant digitally penetrating the victim against her will. Appellant conceded and stated

11.

that once he saw the recording, he "realized it was completely true." He then stated that he took "full responsibility" and that there was "no doubt in [his] mind that [he] committed a crime against her and there [wa]s no justification for it."

{¶ 33} Accordingly, factoring in the above statements, findings, and expressed considerations, we hold the record supports the imposed sentence and that the sentence is not contrary to law. The second assignment of error is not well-taken.

**Conclusion**

{¶ 34} The judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.           _____
                                           JUDGE
James D. Jensen, J.         

_____
Christine E. Mayle, P.J.                              JUDGE
CONCUR.

_____
                                           JUDGE