[Cite as *State v. Lamson*, 2022-Ohio-505.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JOHN C. LAMSON,

    DEFENDANT-APPELLANT.

CASE NO. 8-21-21

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JOHN C. LAMSON,

    DEFENDANT-APPELLANT.

CASE NO. 8-21-22

O P I N I O N

Appeals from Logan County Common Pleas Court
Trial Court Nos. CR 20 03 0073 AND CR 20 10 0246

**Judgments Affirmed**

**Date of Decision:  February 22, 2022**

APPEARANCES:

    *Samantha L. Berkhofer* **for Appellant**

    *Stacia L. Rapp* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant John C. Lamson ("Lamson") appeals the judgments of the Logan County Court of Common Pleas, alleging that the trial court erred in sentencing him. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} On June 9, 2020, Lamson was indicted on three counts of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16 and two counts of possessing drug abuse instruments in violation of R.C. 2925.12(A). Doc. A-6.[1] These charges became the basis of Case No. 20-03-0073. Doc. A-6. On October 13, 2020, Lamson was indicted on one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16 with a specification for forfeiture of a weapon. Doc. B-2. These charges became the basis of Case No. 20-10-0246. Doc. B-2.

{¶3} At a change of plea hearing on June 4, 2021, Lamson pled guilty to one count of improperly handling firearms in a motor vehicle, a felony of the fourth degree, in Case No. 20-03-0073. Doc. A-88. The remaining charges in the June 9, 2020 indictment were dismissed. Doc. A-88. Lamson then pled guilty to one count of improperly handling firearms in a motor vehicle, a felony of the fourth degree,

---

[1] This appeal has its basis in two criminal cases from the trial court. The docket number of the filings in Case No. 20-03-0073 will be preceded by the letter "A." The docket number of the filings in Case No. 20-10-0246 will be preceded by the letter "B."

and the specification for forfeiture of a weapon in Case No. 20-10-0246.  Doc. B-56.

{¶4} After accepting Lamson's pleas, the trial court began to "prepar[e] for the sentencing hearing."  Plea Tr. 14-15.  *See* Doc. A-88, B-56.  The following exchange then occurred:

> **The Court: * * * We're not going to have a sentencing hearing today.  The Court notes that I do have a presentence investigation report [("PSI")] from * * * December of 2020.  The Court would be comfortable with just relying on that PSI for the purposes of sentence and moving forward.  Is that acceptable to the State?**
>
> **[State]:  Yes, Your Honor.**
>
> **The Court: Is that acceptable to the defense * * *?**
>
> **[Defense]:  It is, Your Honor.  I was assuming that the court would want some form of update to that report, but I would be comfortable using that report.**
>
> **The Court:  All right.  We will move forward then with using that report.  * * * [W]hat will happen is I will review that report, Mr. Lamson, and your counsel has a copy of it as does the State, and we will use that and we will consider that as part of the basis for deciding what the appropriate sentence is in this case.**
>
> **If we didn't have one that is so recent, we would have you do a presentence investigation interview, another one, but I really don't think it's going to update much of anything.  [The Defense] * * * has kept me up-to-date on what your situation is * * * I think everything since December, * * * basically you've been in the hospital quite a bit, I understand—**
>
> **[Lamson]:  Yeah.**

-3-

> **The Court:** —dealing with health issues that wouldn't be in the PSI anyway, so I think we're comfortable with having the information that we need. Do you have any questions about that?
>
> **[Lamson]:** I do not.

Plea Tr. 15-16. On July 9, 2021, the trial court held a sentencing hearing for both of Lamson's cases. Sentencing Tr. 3. On July 12, 2021, the trial court issued its judgment entries of sentencing. Doc. A-91, B-59.

*Assignment of Error*

{¶5} Lamson filed his notices of appeal on July 13, 2021. Doc. A-102, B-71. On appeal, he raises the following assignment of error:

> **The trial court erred in sentencing defendant/appellant John Lamson.**

He argues that the trial court erred by failing to order a new PSI before sentencing him and that he should, therefore, be resentenced.

*Legal Standard*

{¶6} Under R.C. 2951.03(A)(1), a trial court is required to consider a written PSI before an offender is sentenced to a term of community control "[u]nless the defendant and the prosecutor who is handling the case against the defendant agree to waive the presentence investigation report * * *." R.C. 2951.03(A)(1). *See State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶ 15, citing R.C. 2951.03(A)(1) and Crim.R. 32.2.

**{¶7}** However, as a general matter, "[t]he decision to order a presentence investigation generally lies within the sound discretion of the trial court if the court contemplates a prison term and not community control in sentencing upon a criminal offense." *State v. McCauley*, 5th Dist. Licking No. 19-CA-84, 2020-Ohio-2813, ¶ 43, citing *State v. Adams*, 37 Ohio St.3d 295, 297, 525 N.E.2d 1361, 1363 (1988). *See* R.C. 2947.06(A)(1) (A trial court "*may* direct the department of probation * * * to make any * * * presentence investigation reports that the court requires concerning the defendant.").

> **An abuse of discretion is not merely an error of judgment. *State v. Sullivan*, 2017-Ohio-8937, 102 N.E.3d 86, ¶ 20 (3d Dist.). Rather, an abuse of discretion is present where the trial court's decision was arbitrary, unreasonable, or capricious. *State v. Howton*, 3d Dist. Allen No. 1-16-35, 2017-Ohio-4349, ¶ 23.**

*State v. Cobb*, 3d Dist. Allen No. 1-20-43, 2021-Ohio-3877, ¶ 53.

*Legal Analysis*

**{¶8}** On appeal, Lamson argues that he "suffered severe medical problems * * *" in between the completion of the PSI on December 10, 2020 and his sentencing hearing on July 9, 2021. Appellant's Brief, 7. *See* Sentencing Tr. 3, 9. Lamson argues that his medical situation was not documented in the PSI that was before the trial court at his sentencing hearing and that this information "should [have] be[en] considered in sentencing." Appellant's Brief, 7.

**{¶9}** As an initial matter, the State notes, in its brief, that a community control sanction was not imposed in this case. Appellee's Brief, 4. *See* Doc. A-91,

B-59. Thus, in this case, R.C. 2951.03(A)(1) did not require the trial court to consider a written PSI. R.C. 2951.03(A)(1). *McCauley, supra*, at ¶ 44-46. Additionally, at the change of plea hearing, both the State and the Defense agreed that an updated PSI was unnecessary. Plea Tr. 15-16. *See State v. Howard*, 9th Dist. Lorain No. 15CA010857, 2016-Ohio-7077, ¶ 8 (holding defendant could not "take issue with the trial court's having sentenced him in the absence of a PSI" because he "waived a PSI * * * and has not challenged his waiver on appeal * * *.").

{¶10} Further, the trial court did expressly reference the December 10, 2020 PSI at the sentencing hearing. Sentencing Tr. 9. While Lamson's medical history after December 10, 2020 was not included in this PSI, the trial court allowed Lamson and defense counsel time to set forth in open court the health issues Lamson had experienced after the PSI considered at sentencing had been written. *Id*. at 5-8. Thus, contrary to Lamson's argument on appeal, the trial court did consider Lamson's medical issues before imposing a sentence in this case.

{¶11} We also note that Lamson has not cited to any legal authority that would suggest that the trial court erred in determining not to have the December 10, 2020 PSI updated after the parties agreed that such action was unnecessary. Further, having reviewed the record, we find no indication that the trial court abused its discretion in this matter. *State v. Hooks*, 6th Dist. Lucas No. L-19-1105, 2020-Ohio-1652, ¶ 18. For these reasons, Lamson's sole assignment of error is overruled.

*Conclusion*

**{¶12}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Logan County Court of Common Pleas are affirmed.

***Judgments Affirmed***

**ZIMMERMAN, P.J. and SHAW, J., concur.**

**/hls**