[Cite as *State v. Chambers*, 2023-Ohio-4665.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2023 AP 05 0032 |
| SARAH CHAMBERS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2022 CR 09 0337

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     December 21, 2023

APPEARANCES:

For Plaintiff-Appellee

KRISTINE W. BEARD
Assistant Prosecutor
125 E. High Avenue
New Philadelphia, OH44663

For Defendant-Appellant

DAN GUINN
232 West 3rd Street, Ste 312
Dover, OH 44622

*Delaney, P.J.*

**{¶1}** Defendant-appellant Sara Chambers ["Chambers"] appeals the imposition of Community Control sanction conditions after a negotiated guilty plea in the Tuscarawas County Court of Common Pleas.

*Facts and Procedural History*

**{¶2}** On November 21, 2022, Chambers was indicted by the Tuscarawas County grand jury for one count of Improperly Discharging a Firearm at or into a Habitation or a School Safety Zone in violation of R.C. 2923.161(A)(1) a second-degree felony, one count of Aggravated Menacing a violation of R.C. 2903.21(A) a first-degree misdemeanor, and one count of Criminal Damaging or Endangering in violation of R.C. 2909.06(A)(1) a second-degree misdemeanor.

**{¶3}** On March 29, 2023, Chambers, through counsel, filed a written Acknowledgement of Guilty Plea. Chambers pleaded guilty as charged in the indictment and sentencing was deferred for the completion of a pre-sentence investigation. Judgment Entry, *Change of Plea*, Mar 29, 2023.[1]

**{¶4}** On May 9, 2023, Chambers appeared for sentencing. At the sentencing hearing, the state indicated that the victim was Chambers' friend who believed she was suffering from mental health and substance abuse problems. The victim did not advocate for the imposition of a term of incarceration. Both the state and the victim recommended that Chambers be placed on community control. Sent. T. May 9, 2023 at 1-5. The defense concurred with the state, and asked the trial court to suspend any prison commitment in favor of community control sanctions. Id. at 6. Chambers addressed the court and stated

---

[1] A transcript of the change of plea hearing was not filed with the record in this appeal.

that community control would help her address her mental health and substance abuse issues while allowing her to continue to provide care for her mother. Id. at 7.

{¶5} After hearing from the state and defense, the trial judge addressed Chambers. The trial judge found that recidivism was more likely due to Chambers' prior criminal history and substance abuse. Id. at 8. The judge noted that the PSI recommended the imposition of a prison sentence. Id. at 12. However, the judge held that the presumption for prison had been overcome and that community control would be the appropriate way to address Chambers' mental health and substance abuse issues. Id. at 9.

{¶6} The trial judge ordered Chambers to serve three years of community control sanctions and reserved a prison sentence of a minimum of 2 to a maximum of 8 years. Id. at 13. As a condition of community control the judge ordered Chambers to successfully complete the in-house program at the Eastern Ohio Correction Center [EOCC] where she could address her mental health and substance abuse problems. Prior to the sentencing EOCC had screened Chambers and found her to be an acceptable candidate. Id. at 9.

*Assignment of Error*

{¶7} Chambers raises one Assignment of Error,

{¶8} "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A TERM IN THE EASTERN OHIO CORRECTION CENTER WHEN A COMMUNITY CONTROL SANCTION WAS SUFFICIENT TO PROTECT THE PUBLIC AND PUNISH THE APPELLANT."

*Law and Analysis*

**Standard of Appellate Review**

{¶9} R.C. 2929.15(A)(1) governs the authority of the trial court to impose conditions of community control. We review the trial court's imposition of community-control sanctions under an abuse-of-discretion standard. *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶10. This means courts must "consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation." *State v. Jones,* 49 Ohio St.3d 51, 53, 550 N.E.2d 469(1990) (citations omitted).

{¶10} The requirement that a condition may not be overbroad is connected to the reasonableness of a condition." *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 14. The availability of "ready alternatives" is evidence that a condition is unreasonable. Id. In short, "*Jones* stands for the proposition that probation conditions must be reasonably related to the statutory ends of probation and must not be overbroad. Because community control is the functional equivalent of probation, this proposition applies with equal force to community-control sanctions." Id. at ¶ 16.

{¶11} An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship*

*of S.H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review:** *Whether the trial judge's decision for Chambers to successfully complete the in-house program at EOCC as a condition of community control is clearly untenable, legally incorrect, amounts to a denial of justice, or reaches an end or purpose not justified by reason and the evidence*

**{¶12}** Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called "community residential sanctions," and a court sentencing for a felony is authorized to impose "a term of up to six months in a jail." R.C. 2929.16(A). Local probation, day reporting, house arrest, community service, and curfew are classified as "nonresidential sanctions." R.C. 2929.17 ("the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions"). Restitution, fines, and costs are "financial sanctions." R.C. 2929.18(A). In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to "impose any other conditions of release under a community control sanction that the court considers appropriate * * *." R.C. 2929.15(A)(1). *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528, ¶11. The statute makes clear the legislature intended trial courts should have discretion to fashion community-control sentences that punish and protect but do not unnecessarily waste scarce resources. Id. at ¶ 12.

**The *Jones requirements for community control sanction conditions***

*(1) Is the condition reasonably related to rehabilitating Chambers*

**{¶13}** Chambers pled guilty to a felony of the second degree. Sent. T. May 9, 2023 at 8. R.C. 2929.13(D)(1) applies to one convicted of a felony of the first or second degree. The statute provides that when sentencing for a first or second-degree felony "it is presumed that a prison sentence is necessary in order to comply with the purposes and principles of sentencing." Nonetheless, R.C. 2929.13(D)(2) provides that "[n]otwithstanding the presumption * * * the sentencing court may impose a community control sanction," but only if the sentencing court finds that a community control sanction would (1) adequately punish the offender and protect the public from future crime, and (2) not demean the seriousness of the offense because the statutory less serious sentencing factors outweigh the more serious factors.

**{¶14}** In the case at bar, after weighing the factors in R.C. 2929.13(D) the trial judge specifically found,

> I think there is a reoccurring pattern here that it would appear as if, while you could be sent to prison, the resources of the State of Ohio would be better used by putting you on Community Control… and I believe that in this case a residential sanction is appropriate….

Id. at 9. The victim, the state and Chambers each advocated for community control to address Chambers' drug use and mental health issues. Id. at 3; 8. Thus, completion of an inpatient drug rehabilitation requirement reasonably relates to rehabilitating Chambers.

> *(2) Does the condition have some relationship to the crime of which the offender was convicted*

**{¶15}** Chambers' drug use and mental health issues contributed to the crimes to which she pled guilty. Chambers went to the home of her friend with a loaded handgun and threatened to do harm to herself. Sent. T. May 9, 2023 at 3. She discharged the gun in the home more than once. Id. The victim indicated that he was concerned about her drug use and her mental health. Id. He believed that she was intoxicated at the time of the incident.

**{¶16}** Accordingly, the imposition of an inpatient drug rehabilitation has some relationship to the crimes to which Chambers pled guilty.

(*3) Does the condition relate to conduct which is criminal or reasonably related to future criminality and serve the statutory ends of community control*

**{¶17}** The conditions relate to future criminality and serve the statutory ends of community control since they will ensure that Chambers will address her substance abuse and mental health concerns, concerns that played a large part in the crimes to which she pled guilty.

*Conclusion*

**{¶18}** The record supports that the sentence meets the *Jones* elements. EOCC was a reasonable alternative to imprisonment under the circumstances of the case at bar. The trial judge formulated a sentence that would allow Chambers to receive the counseling that she needs to assist her with making reasonable decisions to avoid substance abuse while also complying with her mental health treatment. A more restrictive environment is called for based upon Chambers' past attempts at treatment. Sent. T. May 9, 2023 at 8.

{¶19} Therefore, the trial judge did not abuse his discretion in setting the conditions of Chambers' community control.

{¶20} Accordingly, Chambers' sole assignment of error is overruled.

{¶21} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Delaney, P.J.,

Baldwin, J., and

King, J., concur